### RUBIN v. BORCHARDT.

(Supreme Court, Appellate Term. February 18, 1910.)

1. CONTRACTS (§ 28*)—BUILDING REPAIRS—EMPLOYMENT—EVIDENCE.

In an action for the price of certain building repairs, evidence held insufficient to show that plaintiff had contracted with defendant for the repairs.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 133, 1782; Dec. Dig. § 28.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. CONTRACTS (§ 186*)—RIGHTS OF THIRD PERSONS—MONEY RETAINED AS SECURITY FOR REPAIRS.

    Where a contract for the sale of certain property authorized the vendee to retain $300 out of the price to cover certain repairs, which the vendor agreed to make within 30 days after the taking of title, the vendee could apply the sum retained on the repairs only if they were not completed within the time specified, and could not be compelled to pay any part of the sum for repairs previously made, apparently at the vendor's request.

    [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 790–797; Dec. Dig. § 186.*]

3. CONTRACTS (§ 186*)—RIGHTS OF THIRD PERSONS—PURCHASE PRICE OF LAND—SECURITY FOR REPAIRS.

    Where a vendee retained a portion of the price as security for certain repairs, to be made by the vendor within 30 days after taking title, only the vendor or his assignee could recover any part of the amount so retained.

    [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 790–797; Dec. Dig. § 186.*]

    Appeal from Municipal Court, Borough of Manhattan, Seventh District.

    Action by Harry Rubin against Samuel Borchardt. From a Municipal Court judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

    Argued before SEABURY, LEHMAN, and BIJUR, JJ.

    Isaac M. Aron, for appellant.

    May & Jacobson, for respondent.

    LEHMAN, J. The plaintiff in his complaint alleges that the defendant on the 27th day of November, 1908, entered into a contract with one Samuel Mandel, whereby Mandel agreed to convey or procure to be conveyed certain premises to the defendant, and further agreed to make certain repairs, and if the repairs were not made at the time of the taking of title the defendant would have the right to retain out of the purchase price the sum of $300 to cover said repairs and return the balance to the said Samuel Mandel; that on the 1st day of December, 1908, title was conveyed to the defendant, and defendant retained out of the purchase price the sum of $300 towards the making of the said repairs; that between the 27th day of November and the 15th day of December, 1908, this plaintiff, at the special instance and request of one Felt, acting for and on behalf of the defendant, furnished labor and material for said repairs of the reasonable value and agreed price of $174.75; that no part of the said $300 has been returned to the said Mandel, and the defendant retains as trustee for the plaintiff the sum of $174.75.

    The complaint apparently is based upon the theory that the plaintiff is entitled to be paid from the fund reserved in accordance with the contract of sale; but it also contains a statement of an employment by the defendant through Felt, his agent. At the trial the plaintiff gave some evidence as to this employment, and now claims that the judgment may be sustained either upon the theory that he was employed by defendant or upon the theory that, having performed the repairs con-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

templated by the contract of sale, he is entitled to the benefit of the security reserved for that purpose. To show employment by the defendant, Felt testified that immediately after the contract of sale was made the defendant employed him to superintend the repairs, and he then employed the plaintiff to do part of the work. This story is so contradicted by circumstances that I cannot see how any credit can be given to it. The contract of sale provided that:

"The vendor .agrees to make the following repairs: * * * In the event that said repairs shall not be made at the time of the taking of the title, then the purchaser shall have the right to retain out of the purchase price the sum of $300 to cover said repairs, and if within 30 days after his taking title said repairs should not be fully completed he may apply said $300 towards. making said repairs and return any balance to the vendor."

Felt was the son-in-law of Mandel. He was himself in charge of the building, and in fact apparently the owner, and therefore, under the terms of the contract, obligated to make the repairs before the transfer of title. Nevertheless he claims that within half an hour of signing the contract, while still at the attorney's office, he was employed by defendant to superintend and arrange the very repairs he was obligated to make for himself or his father-in-law. Apparently at the time defendant had no title, possession, or security, for the security was to be retained only at the time of the taking of title, and,. curiously, this employment lasted about five days, or a week, apparently till the closing of title. On the testimony of Felt I do not see how it can be doubted that he employed the plaintiff about November 27th, on his own or Mandel's behalf, and superintended the repairs on his own behalf until title passed.

The plaintiff does not testify positively that Felt told him he was representing the defendant. On the contrary, he testifies that Felt "gave the order," and that when he saw the defendant he said he was "Felt's representative." Only on cross-examination did he testify that Felt said:

"Mr. Rubin, I have a good customer for you, if you handle quick the job. It is a matter of title to satisfy that man."

His whole testimony is consistent with the view that he was engaged by Felt individually, and not as agent. He did say that defendant told him, while he was working, "You know you got to get the money from me; I have $300." But these words are not sufficient to show employment or an independent promise to pay. Moreover, the credibility of Felt's story is extremely shaken by a letter from Mandel to defendant, written on February 4, 1908, authorizing the defendant to pay $150 to a painter for services; to retain $75 as a security given on the laundry lease, and concluding:

"The balance, to wit, $75, you will please return to me, care of my attorneys, Moss & Feiner, and I will take care of the carpenter, Mr. Rubin."

The plaintiff fails to point out any possible theory upon which the defendant can be held under the contract of sale even up to the amount of the security still retained by him. The defendant under the contract has the right to apply this sum only upon any repairs not completed within 30 days after taking of title. He has no right to ap-

ply this sum in making repairs before that date, because until that time the vendor could make them himself.   He cannot, therefore, either in law or in equity be forced to pay any part of the sum to plaintiff for repairs previously made, apparently at the request of the vendor.   Only the vendor or his assignee can recover any amount still in his hands.

Judgment should be reversed, and a new trial granted, with costs to appellant to abide the event.

BIJUR, J., concurs.   SEABURY, J., concurs in result.